[Decided January 22, 1887.]

JOHN CARSON v. AARON CHANDLER ET UX.

PRACTICE — SUPREME COURT — CLERK — CERTIFICATE — SECTION 451, CODE. — The certificate of the clerk to the record in equity causes appealed to the Supreme Court, that the evidence consists wholly of written testimony, and that the transcript contains all the evidence introduced by the parties on the trial in the lower court, is sufficient to oblige the Supreme Court to receive the evidence so certified as all the evidence in the cause.

APPEAL from the District Court holding terms at Tacoma. Second District.

Motion by appellee to dismiss the appeal.

*Mr. J. P. Judson,* for the Appellant.

*Messrs. Struve, Haines, & McMicken,* for the Appellee.

Mr. Justice TURNER delivered the opinion of the court.

The evidence in this case is certified by the clerk of the lower court agreeably to the provisions of section 451 of the Code. We know of no reason why the legislature may not direct the clerk to make this certificate in an equity cause, and why it may not require this court to receive such certificate as proper evidence of the facts therein certified. The direction to the clerk to make the certificate is in effect a command to him to

inform himself of facts, during the progress of trials, necessary to enable him to make the same. No officer is in better position, save the judge alone, to make such certificate intelligently; and the clerk is present, performing his duties, his opportunities are equal to those of the judge to know that which both or either may cer tify; namely, that the evidence contained in the transcript is "all the evidence introduced by the parties on the trial in the court below." We are referring, of course, to cases in which "the evidence consists wholly of written testimony," the clerk being authorized to make the certificate in such cases only.

Looking carefully into the record in this case, we find that all the testimony therein contained is "written testimony," as that term has been construed by this court in other cases. Taking this fact in connection with the certificate of the clerk that "the transcript contains all the evidence," etc., we are enabled to see that the case is one in which the law obliges us to receive the evidence on the faith of the clerk's certificate. It is insisted, however, that section 451 does not apply to an equity case, because, under the provisions of section 464 of the Code, "the depositions and all papers which are used as evidence are to be certified up to the Supreme Court, and shall be so certified, not by transcript, but in the original form." We think the word "transcript" was used in section 451 in a loose and inaccurate sense, as including all that was to be certified in a case to the Supreme Court.

The motion to affirm is denied.

GREENE, C. J., and LANGFORD, J., concurred.